ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL VI

| | | |
|---|---|---|
| SENADO DE PUERTO RICO<br><br>Parte Recurrida<br><br>v.<br><br><br>LCDO. LUIS GONZÁLEZ ORTIZ<br><br>Parte Peticionaria | TA2026CE00347 | *Certiorari,* procedente del Tribunal de Primera Instancia, Sala Superior de San Juan<br><br>Caso Núm.: SJ2026CV01855<br><br>Sobre: Solicitud de Orden al amparo del Art. 34 (a) del Código Político |

Panel integrado por su presidente, el Juez Rivera Colón, el Juez Monge Gómez y la Jueza Prats Palerm.

Monge Gómez, Juez Ponente

### RESOLUCIÓN

En San Juan, Puerto Rico, a 20 de marzo de 2026.

Compareció ante este Tribunal la parte peticionaria, el Lcdo. Luis González Ortiz (en adelante, el "Lcdo. González Ortiz" o "Peticionario"), mediante recurso de *certiorari* presentado en el día de hoy. Nos solicitó la revocación de la *Orden* emitida y notificada por el Tribunal de Primera Instancia, Sala Superior de San Juan (en adelante, el "TPI"), el 12 de marzo de 2026. Dicho dictamen fue objeto de una "**Moción de Reconsideración**", la cual fue declarada "No Ha Lugar" el 12 de marzo de 2026.

Por los fundamentos que expondremos a continuación, *denegamos* la expedición del auto de *certiorari* ante nos.

**I.**

El presente caso tuvo su génesis el 11 de marzo de 2026, con la presentación de una "**Petición de Orden de Citación al Amparo del Art. 34-A del Código Político**" por parte del Senado de Puerto Rico, representado por su presidente, el Hon. Thomas Rivera Schatz, en contra del Peticionario. Mediante la misma, expuso que el 2 de enero de 2025, aprobó la *Resolución del Senado 2*, mediante la cual ordenó a la Comisión

de Turismo, Recursos Naturales y Ambientales (en adelante, la "Comisión") a realizar una investigación sobre la expansión y operación del vertedero del Municipio Autónomo de Carolina; el proceso de otorgación de los permisos correspondientes; así como los posibles efectos ambientales derivados de dicha operación, incluyendo, pero sin limitarse, a los impactos sobre acuíferos, recursos naturales y arqueológicos, la flora y fauna de la región y las consecuencias que dicha contaminación pudiera acarrear para la ciudadanía.

Expresó que, como parte del ejercicio de sus facultades investigativas, la Comisión determinó citar al Lcdo. González Ortiz, quien se desempeña como Oficial Examinador del Departamento de Recursos Naturales y Ambientales de Puerto Rico (en adelante, "DRNA"). Indicó que el 9 de enero de 2026, la Comisión remitió al Lcdo. González Ortiz una comunicación electrónica citándolo a una reunión ejecutiva a celebrarse el 16 de enero de 2026. Expresó que el 12 de enero de 2026, el Peticionario notificó su imposibilidad de comparecer, solicitando ser excusado. Añadió que el 26 de enero de 2026, la Comisión cursó una segunda citación mediante el mismo medio, convocándolo para el 11 de febrero de 2026. Señaló que el 30 de enero de 2026 el Lcdo. González Ortiz informó nuevamente que no podría comparecer, debido a su participación en la vista en su fondo del caso DRNA v. Esdras Vélez y otros, Caso Núm. 23-130.

Asimismo, indicó que el 27 de febrero de 2026, la Comisión remitió una tercera citación mediante correo electrónico, señalando como fecha de comparecencia el 9 de marzo de 2026. Expresó que el 4 de marzo de 2026 el Lcdo. González Ortiz comunicó que tampoco podría asistir en dicha ocasión, debido a compromisos previamente calendarizados relacionados con la vista en su fondo del caso DRNA v. Junta de Condómines Condominio Marebella del Caribe, Caso Núm. 25-300-CL. Ante ese cuadro fáctico, el Senado le solicitó al TPI que declarara "Ha Lugar" su petición y, en consecuencia, ordenara al Peticionario a comparecer a una vista ejecutiva el 25 de marzo de 2026 a las 9:00 a.m., en el salón Roberto Rexach Benítez.

En este contexto, el 11 de marzo de 2026, el foro de instancia emitió una "**Orden de Citación ante el Senado de Puerto Rico**", mediante la cual declaró "Ha Lugar" la petición presentada y ordenó al Lcdo. González Ortiz a comparecer el miércoles, 25 de marzo de 2026, a las 9:00 a.m., en el referido salón, ubicado en el anexo del Senado de Puerto Rico. En esa misma fecha, el foro de instancia emitió una *Resolución Final* mediante la cual dispuso el cierre y archivo administrativo del caso.

Posteriormente, el 12 de marzo de 2026, el Lcdo. González Ortiz presentó una "**Solicitud de Orden Protectora**", en la cual adujo que, en el desempeño de sus funciones, actúa como funcionario con facultades cuasi judiciales, cuya responsabilidad consiste en presidir el proceso administrativo, evaluar la prueba presentada y emitir determinaciones conforme al expediente oficial. Sostuvo que no resulta procedente que se convierta en fuente de información para las partes ni que participe en comunicaciones o explicaciones extrajudiciales sobre el expediente administrativo, por ser ello incompatible con la naturaleza imparcial de su función y con las garantías del debido proceso.

Igualmente, esbozó que funge como contratista independiente del DRNA y que no ostenta la custodia del expediente relacionado con la "**Solicitud de Renovación del Permiso de Operación**" núm. IDF-16-0019. Así pues, le solicitó al foro primario que: (1) dejara sin efecto la *Orden* emitida; (2) dictara una orden protectora eximiéndolo de producir documentos contenidos en el expediente administrativo; y (3) dispusiera que toda gestión investigativa relacionada con dichos documentos se realice mediante acceso directo al expediente administrativo. Dicha solicitud fue denegada ese mismo día. Inconforme con esa determinación, el Peticionario presentó una "**Moción de Reconsideración**", la cual fue igualmente declarada "No Ha Lugar" mediante *Resolución* emitida el 12 de marzo de 2026.

Inconforme con lo anteriormente resuelto, el Peticionario acudió ante este Tribunal mediante el recurso de epígrafe y una "**Solicitud de Orden en Auxilio de Jurisdicción**", en el que señaló los siguientes errores:

A. Erró el TPI al determinar, sin decirlo, que un Oficial Examinador, en el desempeño de sus funciones cuasi judiciales, debe convertirse en fuente de información para un tercero, y que participe en extrajudiciales administrativo. comunicaciones o explicaciones sobre el expediente

B. Erró el TPI al no tomar en consideración el viaje programado desde el 25 de enero de 2026, y que conflige con la fecha de la citación para el 25 de marzo de 2026.

**II.**

El auto de *certiorari* es el recurso extraordinario mediante el cual un tribunal de jerarquía superior puede revisar, a su discreción, una decisión de un tribunal inferior. 800 Ponce de León v. AIG, 205 DPR 163, 174 (2020); Mun. de Caguas v. JRO Construction, 201 DPR 703, 711 (2019). A pesar de ser un recurso procesal excepcional y discrecional, el tribunal revisor no debe perder de vista las demás áreas del derecho. Mun. de Caguas v. JRO Construction, *supra,* pág. 711.

Así, con el objetivo de ejercer de manera prudente nuestra facultad discrecional, es preciso acudir a lo dispuesto en la Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 40; Banco Popular de Puerto Rico v. Gómez Alayón, 213 DPR 314, 336 (2023). Esta norma cobra mayor relevancia en situaciones en las que no hay disponibles métodos alternos para asegurar la revisión de la determinación cuestionada. Íd. A esos efectos, la Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, limita la autoridad de este Tribunal de Apelaciones para revisar las órdenes y resoluciones interlocutorias que dictan los tribunales de instancia por medio del recurso discrecional del *certiorari*. En lo pertinente, la precitada disposición reglamentaria, *supra*, dispone que:

> El recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable la justicia, al denegar la expedición de un recurso de *certiorari* en estos casos, el

Tribunal de Apelaciones no tiene que fundamentar su decisión. Íd.

Con el fin de que podamos ejercer de una manera sensata nuestra facultad discrecional de entender o no en los méritos de los asuntos que son planteados mediante el recurso, la Regla 40 de nuestro Reglamento, 4 LPRA Ap. XXII-B, señala los criterios que debemos considerar al atender una solicitud de expedición de un auto de *certiorari*. BPPR v. SLG Gómez-López, 213 DPR 314, 336 (2023). En lo pertinente, la precitada disposición reglamentaria establece lo siguiente:

El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari*, o de una orden de mostrar causa:

A. Si el remedio y la disposición de la decisión recurrida a diferencia de sus fundamentos son contrarios a derecho.
B. Si la situación de hechos planteada es la más indicada para el análisis del problema.
C. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
F. Si la expedición del auto o de la orden de mostrar causa no causa un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia. Íd.

Nótese que, distinto al recurso de apelación, el auto de *certiorari*, por ser un recurso discrecional, debe ser utilizado con cautela y por razones de peso. Pueblo v. Díaz de León, 176 DPR 913, 918 (2009). En ese sentido, el Tribunal Supremo de Puerto Rico reiteradamente ha indicado que la *discreción* significa tener poder para decidir en una u otra forma, esto es, para escoger entre uno o varios cursos de acción. García v. Padró, 165 DPR 324, 334 (2005). También se ha definido como "una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera". Banco Popular de Puerto Rico v. Gómez Alayon, *supra*, pág. 13. En otras palabras, el adecuado ejercicio de la discreción judicial está "inexorable e indefectiblemente atado al concepto de la razonabilidad". Pueblo v. Ortega Santiago, 125 DPR 203, 211 (1990). Así pues, un tribunal apelativo no intervendrá con las determinaciones discrecionales de un tribunal

sentenciador, a no ser que las decisiones emitidas por este último sean arbitrarias o en abuso de su discreción. SLG Flores, Jiménez v. Colberg, 173 DPR 843 (2008).

**III.**

En el presente caso, el Peticionario nos solicitó la revocación dictamen emitido por el foro de instancia, mediante la cual le ordenó al Lcdo. González Ortiz comparecer el miércoles 25 de marzo de 2026, a las 9:00 a.m., en el salón Roberto Rexach Benítez, ubicado en el anexo del Senado de Puerto Rico.

Los señalamientos de error esgrimidos guardan estrecha relación entre sí, por lo que procede atenderlos de manera conjunta. En síntesis, el Peticionario sostiene que el TPI erró al concluir que un oficial examinador, en el ejercicio de sus funciones cuasi judiciales, debe fungir como fuente de información para terceros, así como participar en comunicaciones o explicaciones extrajudiciales relacionadas con el expediente administrativo. Asimismo, alega que el foro *a quo* no tomó en consideración un viaje previamente programado desde el 25 de enero de 2026, el cual conflige con la fecha de la citación pautada para el 25 de marzo de 2026.

Tras una evaluación detenida del expediente ante nuestra consideración, al igual que los autos electrónicos del foro recurrido, encontramos que el TPI no incidió, ni se desprende de los mismos que haya actuado de forma arbitraria, caprichosa, que haya abusado al ejercer su discreción o cometido algún error de derecho. Tampoco el Peticionario demostró que el foro de instancia actuó con prejuicio o cometiera un error manifiesto en su determinación.

Ello adquiere especial pertinencia en el presente caso, toda vez que la citación impugnada se expidió en el curso de una investigación legislativa en la cual el Senado ejercía su facultad de requerir la asistencia y declaración de personas, así como la producción de evidencia relacionada con el asunto bajo pesquisa o investigación. Ante el incumplimiento con la citación cursada, el TPI actuó conforme al mecanismo judicial dispuesto para compeler su comparecencia.

En suma, concluimos que de los autos no se desprende indicador alguno que requiera nuestra intervención con la determinación judicial recurrida y tampoco hallamos fundamento legal alguno que amerite la expedición del auto de *certiorari*, al amparo de la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra*.

**IV.**

Por los fundamentos que anteceden, los cuales hacemos formar parte de la presente *Resolución*, *denegamos* la expedición del auto de *certiorari* ante nos.

**Notifíquese inmediatamente.**

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones